IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY D. ALLISON and
DAVID ALLISON,

                Plaintiffs,

v.                                CIVIL ACTION NO. 2:05-cv-00092

JUSTIN MEADOWS and
LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this court is the plaintiffs' motion to remand [Docket 3]. The plaintiffs seek to remand this civil action to the Circuit Court of Boone County, West Virginia, pursuant to 28 U.S.C. §1447(c). Plaintiffs allege that the notice of removal was either (1) filed before dismissal of the only nondiverse defendant, and therefore premature, or in the alternative, (2) filed more than thirty days after the running of the statute of limitations contained in 28 U.S.C. § 1446(b), and therefore time-barred. For the reasons stated below, the court rejects these arguments and **DENIES** the plaintiff's motion to remand.

**I. Background**

Plaintiffs Kimberly D. Allison and David Allison filed suit in the Circuit Court of Boone County, West Virginia, on February 6, 2004. In their complaint, they allege that defendant Justin Meadows, a

citizen of West Virginia, was negligent in the operation of a motor vehicle. They further allege that defendant Liberty Mutual Fire Insurance Company, incorporated under the laws of the State of Massachusetts, engaged in unfair claim settlement practices in its adjustment and settlement of their claim against Meadows. On December 29, 2004, the plaintiffs agreed to settle the case with the only nondiverse defendant, Justin Meadows. On December 30, 2004, counsel for the remaining defendant Liberty Mutual received a letter from Meadows' attorney confirming that the plaintiffs and Meadows had agreed to settle. Attached to the letter were a proposed partial dismissal order along with unsigned copies of a settlement agreement and release of all claims. The settlement and release were ultimately signed and executed on January 5, 2005. On January 17, 2005, defendant Liberty Mutual received a letter from Meadows' counsel containing copies of the executed settlement documents.

Recognizing the newly created diversity among the parties, Liberty Mutual exercised its right under 28 U.S.C. § 1446 to remove the case to federal court and filed its notice of removal on February 2, 2005. Subsequently, on February 14, 2005, the Circuit Court of Boone County, West Virginia entered a partial dismissal order dismissing Justin Meadows from the case.

Plaintiffs make two arguments in support of their motion to remand, each advancing conflicting positions as to when the case became removable to federal court. First, plaintiffs argue that the case became removable, based on federal diversity jurisdiction, on February 14, 2005, when the state court dismissed Meadows, the only nondiverse defendant. Because the notice of removal was filed twelve days earlier on February 2, 2005, plaintiffs argue that the notice of removal was premature and therefore untimely. Alternatively, they argue that even if the case was removable when the notice was filed, it became removable on December 30, 2004, when Liberty Mutual received the unexecuted drafts of the settlement

2

documents. Thus, plaintiffs contend that because the defendant filed notice of removal on February 2, 2005, more than thirty days after December 30, 2004, the removal is time-barred by the statute of limitations contained in 28 U.S.C. § 1446(b).

## II. Discussion

The procedure for timely removal of state actions is governed by 28 U.S.C. § 1446(b). This subsection provides:

> If a case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b) (1994).

This subsection has been interpreted to permit the removal of an action when a plaintiff creates complete diversity by voluntarily dismissing the only nondiverse party to a state action. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988), *see also Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 & n.2 (2d Cir. 1980); *LGP Gem Ltd. v. Cohen*, 636 F. Supp. 881, 882 (S.D.N.Y. 1986).

Both of plaintiffs' arguments require this court to determine when a case becomes removable pursuant to 28 U.S.C. § 1446(b). Unfortunately, there is no bright-line rule to determine when, prior to the state court's entering a final dismissal order, a case like this becomes removable. In accord with their first argument, plaintiffs would have the court rule that the case did not become removable until the state court entered its order dismissing Meadows. However, when ruling on the timeliness of removals, courts generally are not inclined to be so rigid, instead emphasizing substance over form. For example, the Fourth Circuit, in *Savilla v. Speedway SuperAmerica*, No. 02-2364, 2004 WL 98815, (4th Cir. Jan. 22, 2004),

3

found that the defendant's removal motion, based only on the state court's grant of leave to amend a complaint, was not premature even though the amended complaint had not yet been filed. Indeed, the language of the statute itself, by reference to "other paper," implies that a defendant need not always await a final state court order before filing a proper notice of removal. Case law supports this conclusion. *See King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 230 (N.D. W. Va. 1988) ("[A] written order is not necessarily a paramount consideration in determining whether a case is ripe for removal."); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992) ("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case."); *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 and n.2 (8th Cir. 1985) (finding that a settlement between plaintiff and nondiverse party was sufficiently final to support removal, despite the fact that the nondiverse party had not been adequately severed from the state court suit at the time of removal).

This more permissive trend reinforces the policy goal reflected in § 1446(b)'s thirty day statute of limitations, namely the prevention of unnecessary delay. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n.*, 668 F.2d 962, 965 (3d Cir., 1982) (stating that the two goals of the thirty day limitation are avoiding the creation of undeserved tactical advantages and inhibiting undue delay and resource waste). Accordingly, defendant Liberty Mutual did not need to await the state court's partial dismissal order before filing their notice of removal. Therefore, this court **FINDS** that the notice filed on February 2, 2005 was not premature.

In their second argument, plaintiffs contend that § 1446(b)'s thirty day statute of limitations began to run on December 30, 2004, when the defendant received a draft of a settlement agreement accompanied

4

by a letter indicating that, upon execution of the agreement, the plaintiffs intended to release the only nondiverse defendant from all claims in the action. Section 1446(b)'s thirty day statute of limitations begins to run when the defendant receives "paper[s] from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (1994). Thus, plaintiffs argue that because the notice of removal was filed more than thirty days later, on February 2, 2005, the removal is time-barred.

Again, the issue turns on when the case became removable. Because the thirty day time-period begins when the defendant *ascertains* removability, not when it is *created*, plaintiffs' second argument contains the unstated assumption that the case became removable on December 29, 2004, the day of the settlement negotiations and a day before Liberty Mutual received the draft of the settlement agreement. However, on December 29, 2004, the settlement agreement was still an unexecuted draft and remained so until January 5, 2005, when all parties signed the document.

Although courts ruling on the timeliness of removal under § 1446(b) are not inclined to create bright-line rules which may foster undue delay, applying an overly broad rule may sow confusion and "invite tactical chicanery." David D. Siegel, *Commentary on 1988 Revision of Section 1446*, *reprinted at* 28 U.S.C. § 1446 (1994). Accordingly, this court **FINDS** that for a case to become removable as a consequence of a settlement between the plaintiff and the only nondiverse party, a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability. Settlement negotiations are fraught with uncertainty and are often thwarted by a last minute change of heart or a debate over minutiae at the signing table. An opposing party's assertion that they will soon settle with another defendant, without more, falls short of the kind of assurance needed to inform the remaining defendant/s that the case has become removable. Thus, this court **FINDS** that the receipt of

unsigned drafts of settlement documents, accompanied by a letter indicating an intent to release all claims against the nondiverse defendant, is not a sufficiently certain indication that the case is one which is or has become removable.

The question then becomes, when did the defendant Liberty Mutual receive a pleading, motion order, or other paper by which they ascertained that the case was or had become removable? The record indicates that the next significant document Liberty Mutual received in this matter was a copy of the signed and executed settlement agreement releasing Meadows from all claims. Defendant Liberty Mutual received that document on January 17, 2005. Unlike the receipt of a draft of a settlement agreement accompanied by a letter stating the parties' intent to settle, the receipt of a copy of the signed and executed release agreement is a sufficiently certain indication that the case is one which has become removable. The plaintiffs' signatures on the settlement agreement bind them to release the nondiverse defendant as a party to the action. Therefore, when Liberty Mutual received the copy of the signed release, they could be certain that Meadows was now a party to the action in name only, and that the case had become removable. *Leadman v. Fidelity & Cas. Co. of N.Y.*, 92 F. Supp. 782, 784 (S.D. W. Va. 1950) ("In determining questions of removability, only indispensable and necessary parties are considered. Nominal or formal parties are disregarded."). Because the notice of removal filed February 2, 2005 was filed within thirty days of January 17, 2005, when the defendant Liberty Mutual became aware that the case had become removable, the defendant's notice of removal was not time-barred.

Therefore, the court **FINDS** that the defendant's notice of removal complies with 28 U.S.C § 1446, and that the filing of the notice was timely. Accordingly, plaintiffs' motion to remand [Docket 3] is **DENIED.**

6

The court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented party, and **DIRECTS** the Clerk to post this published opinion at http://www.wvsd.uscourts.gov.

ENTER:        August 18, 2005

                                                   JOSEPH R. GOODWIN
                                                   UNITED STATES DISTRICT JUDGE